UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
SEAN D. ZHANG

                         Petitioner,

        -against-                     **ORDER**
                                       04-cv-3261 (ADS)

UNITED STATES OF AMERICA

                         Respondent.
---------------------------------------------------X

**APPEARANCES**

**JOSEPH W. CARBONARO, ESQ.**
Attorney for the Petitioner
The Law Office of Joseph Carbonaro
275 Madison Avenue, Suite 1605
New York, NY 10016

**ROSLYNN R. MAUSKOPF**
**UNITED STATES ATTORNEY, EASTERN DISTRICT OF NEW YORK**
610 Federal Plaza
Central Islip, NY 11722
      By:    Wayne L. Baker, Assistant U.S. Attorney

**STUART J. GROSSMAN, ESQ.**
Grossman & Rinaldo
108-18 Queens Boulevard
Forest Hills, NY 11375


**SPATT, District Judge.**

        The petitioner Sean D. Zhang ("Zhang" or the "Petitioner") moves the Court for an

Order vacating or correcting his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"),

or in the alternative, granting an evidentiary hearing.  In support of his petition, Zhang states that his guilty plea was not voluntarily or knowingly made because (1) the Court and the Government misstated the consequences of his plea and (2) his right to effective assistance of counsel under the Sixth Amendment was denied at the plea stage.

In Sparman v. Edwards, 154 F.3d 51 (2d Cir. 1998), the Second Circuit indicated that where allegations of ineffective assistance of counsel have been raised as the basis of a habeas corpus petition, the "district court . . . should, except in highly unusual circumstances, offer the assertedly ineffective attorney an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs."  Sparman,154 F.3d at 52; see also Cox v. Donnelly, 387 F.3d 193, 195 (2d Cir. 2004); Eze v. Senkowski, 321 F.3d 110, 112–13 (2d Cir. 2003); Bloomer v. United States, 162 F.3d 187, 194 (2d Cir. 1998).

Accordingly, the parties are directed to appear for a Sparman evidentiary hearing in Courtroom 1020, Long Island Federal Courthouse, Central Islip, New York on Thursday, April 28, 2005, at 9:00 a.m., for, among other matters, hearing the testimony of Stuart Grossman, Esq., of 108-18 Queens Boulevard, Forest Hills, New York, who was Petitioner's counsel at arraignment and plea.

**SO ORDERED**.

Dated: Central Islip, New York
April 18, 2005

                                                     */s/ Arthur D. Spatt*
                                                     ARTHUR D. SPATT
                                                  United States District Judge